MARY CANFIELD WEBER, Adm'r of the Estate of George Canfield, Deceased, Plaintiff-Appellant, v. THE VILLAGE OF CAROL STREAM *et al.*, Defendant-Appellees.

Second District   No. 83—1061

Opinion filed December 31, 1984.

Lester E. Munson, Jr., and Robert P. Gavin, both of Smith & Munson, Ltd., of Wheaton, for appellant.

Thomas C. Dudgeon, of O'Reilly & Cunningham, of Wheaton, and O'Brien, Hanrahan, Wojcik & Fay, of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Mary Canfield Weber, administrator of the estate of George Canfield, deceased, appeals from orders granting summary judgment for defendants, the village of Carol Stream (village) and Kaufman & Broad Homes, Inc. (K & B), finding the defendants owed no duty to plaintiff's decedent as a matter of law.

The single issue on appeal is whether the trial court erred when it ruled that defendants owed no duty to plaintiff's decedent, who fell through an ice-covered water retention pond, located in a residential subdivision, alleged to be owned, possessed, and controlled by K & B.

Plaintiff's complaint against K & B alleged, *inter alia*, that on

December 19, 1980, K & B owned, possessed, and controlled a water-retention pond in the Spring Valley subdivision in the village of Carol Stream; that K & B knew or should have known that neighborhood children played within the immediate vicinity of the pond; that on December 19, 1980, while playing on the pond, the minor decedent slipped and fell through the ice, causing his death; and that K & B was negligent in failing to maintain a fence around the pond in violation of State statutes and village ordinances, to post warning signs of the inherent danger of the pond, and to prevent children from entering upon the pond. An amended complaint against the village alleged, in pertinent part, in two counts, that the village owed a duty to plaintiff's decedent because the pond was created as a result of an agreement between the village and K & B and the village approved the design and placement of the pond, and alternatively, that the village owed a duty because the pond existed within the village and it knew or should have known of the dangerous agency of the pond and the foreseeable risk to children residing and playing in the area.

K & B and the village filed answers generally denying the material allegations of the plaintiff's complaints, although admitting the minor decedent died on the date alleged. K & B's answer also admitted decedent slipped and fell through the ice. Subsequently, the village filed a motion for summary judgment attaching the affidavit of Gregory Bielawski, the village manager. The affidavit averred that the village neither owned, accepted, nor maintained the pond. The motion requested summary judgment on the basis that, as a matter of law, it was not liable for negligence on property it did not own, maintain, or control. Alternatively, the village asserted the pond was not a dangerous condition so as to create a legal duty to the minor decedent. The plaintiff filed a response which included a copy of an annexation agreement between the village and K & B relating to the subject property.

Without deciding whether the village could be liable for negligence on property it did not own or maintain, the trial court granted summary judgment for the village on the basis that the pond was not an inherently dangerous condition and thus no duty was owed to the minor decedent, who the parties agree was nine years old. K & B then filed its motion for summary judgment which was granted by the trial court for the same reason. Plaintiff filed a motion to reconsider, apparently also submitting photographs of the pond, which were not admitted as evidence at the hearing nor are they contained in the record on appeal. In a memorandum of law submitted by plaintiff, an excerpt from the inquest proceeding was attached which, in pertinent

part, revealed that the temperature was about zero on December 19, 1980, that decedent and another young boy were throwing sticks on the pond, that decedent fell through the ice on the pond while retrieving a stick, and that the ice was about an inch and a half or two inches thick. The motion to reconsider was denied.

Initially, we must consider K & B's motion to strike certain factual allegations contained in the statement of facts and argument portion of plaintiff's brief and reply brief. K & B correctly contends that the record does not support references in plaintiff's briefs that the pond was snow-covered, hidden or obscured, nor does the record support references to conditions allegedly portrayed in certain photographs which are not in the record. Plaintiff has not responded to the motion. We grant the motion to strike these alleged facts contained in plaintiff's briefs, and we do not consider them in this appeal. *Finance America Commercial Corp. v. Econo Coach, Inc.* (1981), 95 Ill. App. 3d 185, 186, 419 N.E.2d 935.

In considering whether the defendants owed a duty to plaintiff's decedent under the circumstances of this case, the recent decision of our supreme court in *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023, is particularly instructive. In *Cope*, the court held that a retention pond, partially covered with ice and with a large portion of open water clearly visible, was not a dangerous condition which presented a peril not appreciated by the seven-year-old decedent. (102 Ill. 2d 278, 289, 464 N.E.2d 1023.) Accordingly, the court found the defendant owed no duty to plaintiff's decedent as a matter of law.

■ The customary principles of ordinary negligence must be applied to determine the liability of owners or parties in possession or control of premises upon which a child is injured. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177; *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836.) Quoting, in part, from *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, the court in *Cope* stated:

"The court in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, reiterated the rule announced in *Kahn*. It stated that the customary principles of ordinary negligence must be applied to determine the liability of owners or parties in possession or control of premises upon which a child is injured. The court also stated that a duty which would not be imposed under ordinary negligence will be imposed where an owner or party in possession or control of premises 'knows or should know that children frequent the premises *and* if the

cause of the child's injury was a *dangerous* condition on the premises.' (73 Ill. 2d 316, 326.) It reasoned that '[i]f both these prerequisites are met, it is deemed that harm to children is sufficiently foreseeable for the law to impel an owner or occupier of land to remedy the condition.' (73 Ill. 2d 316, 326.) The court in *Corcoran* defined a dangerous condition as one which is likely to cause injury to children generally who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risks. In such an instance, there is a duty to remedy the condition." 102 Ill. 2d 278, 286, 464 N.E.2d 1023.

In determining that the applicable rule does not impose a *per se* duty upon owners or parties in possession and control of premises to remedy all conditions on their land, the court in *Cope* further stated:

"This rule however does not impose a *per se* duty upon owners or parties in possession and control of premises to remedy all conditions on their land. It is well settled that if the condition complained of presents *obvious* risks which children would be expected to appreciate and avoid, there is no duty to remedy that condition. The rationale for this rule is that, since children are expected to avoid dangers which are obvious, there is no reasonably foreseeable risk of harm. The law then is that foreseeability of harm to the child is the test for assessing liability; but there can be no recovery for injuries caused by a danger found to be obvious." (102 Ill. 2d 278, 286, 464 N.E.2d 1023.)

The court reiterated its acknowledgement in *Corcoran* that there are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. 102 Ill. 2d 278, 286-87, 464 N.E.2d 1023.

As stated above, the court in *Cope* determined that a retention pond partially covered with ice and with a large portion of open water clearly visible was not a dangerous condition which presented a peril not appreciated by the seven-year-old decedent. In the case at bar, which presents only a slightly different factual variation from *Cope*, we must determine under the limited facts present in this record whether a water retention pond covered with ice in a residential subdivision, on which plaintiff's decedent, a nine-year-old boy, was retrieving a stick and fell through the ice, was a dangerous condition which children would not be expected to comprehend and avoid the attendant risks.

A body of water is generally held not to constitute a con-

cealed, dangerous condition (*Cortes v. State* (1974), 191 Neb. 795, 799, 218 N.W.2d 214, 216; *Hatten v. Mason Realty Co.* (1964), 148 W. Va. 380, 387, 135 S.E.2d 236, 241), and partially ice-covered ponds are ordinary bodies of water which, as any other, present the risk of drowning. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 289, 464 N.E.2d 1023.) Although the distinguishing factor here, as contrasted with *Cope,* is a water retention pond completely covered with ice, we conclude that such a factual distinction is not of significant magnitude to warrant a different result. Like the danger of water, an ice-covered pond is such a danger which, under ordinary conditions, may reasonably be expected to be fully understood and appreciated by children of an age to be allowed at large. Children are expected to appreciate the possible hazards associated with water and should know that the same dangers accompany ice, which is the frozen form of water. An ice-covered pond presents an obvious risk of drowning which we believe children would be expected to appreciate and avoid. We are not here confronted with the factual situation present in *Pasierb v. Hanover Park Park District* (1981), 103 Ill. App. 3d 806, 808-09, 431 N.E.2d 1218, where the pleadings alleged a creek in the park frozen over with a thin layer of ice that was completely concealed by a layer of snow which made it impossible to discern the location of the creek, and which the appellate court found to be a risk not the type which children generally would be expected to recognize and appreciate.

■ Accordingly, we hold that the defendants owed no duty to plaintiff's decedent as a matter of law, and the trial court properly granted summary judgment for defendants where it determined as a matter of law that the condition was not dangerous. See *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 941, 453 N.E.2d 1133.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, P.J., and SCHNAKE, J., concur.