PAIGE SAMPSON, A Minor, by Randy S. Sampson, her Father and Next Friend, Plaintiff-Appellant, v. DENNIS L. ZIMMERMAN *et al.*, Defendants-Appellees.

Second District No. 2—85—0917

Opinion filed December 31, 1986.

John B. Kincaid, of Mirabella & Kincaid, of Wheaton, for appellant.

Patricia L. Argentati and Roger K. O'Reilly, both of O'Reilly, Cunningham, Duncan & Huck, of Wheaton, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Paige Sampson, a minor, by her father and closest friend, Randy S. Sampson, appeals from the order of the circuit court of Du Page County which granted summary judgment for defendants, Dennis L. Zimmerman and Linda C. Zimmerman, upon finding that defendants owed no duty to plaintiff as a matter of law.

The issues plaintiff raises on appeal are: (1) whether summary judgment is a proper and appropriate remedy where factual questions concerning foreseeability and appreciation of danger were for the jury; (2) whether a four-year-old who cannot be held responsible for her own negligence can be held to have "assumed" the risk presented by fire; and (3) whether the trial court erred in failing to ascertain plaintiff's competency to testify as a witness.

The complaint alleges that on December 4, 1983, plaintiff, then four years and four months old, came in contact with a dangerous condition, that being a lighted and unprotected candle on a bathroom counter shelf, while visiting at defendants' home causing her clothes to catch fire and injuring her; that defendants knew or should have known of this dangerous condition; that defendants were negligent because they failed to warn plaintiff of the dangerous condition, failed to extinguish the lighted candle, and failed to provide a protective cover or other safety device for the candle; and that as a direct and proximate result of these acts plaintiff was injured.

After filing an answer, defendants filed a motion for summary judgment stating that they owed no duty as a matter of law to plaintiff to protect her from an obvious danger. They further asserted that a landowner is never an insurer of a child's safety and has no legal duty to protect against obvious dangers, that fire is an obvious danger recognized by case law as one which any child could be expected to appreciate and avoid, that plaintiff understood, as evidenced by deposition testimony, a lighted candle to be fire which was hot and could injure her, and that the child was of above-average intelligence and knew enough to avoid fire. Attached to the summary judgment motion were excerpts of plaintiff's deposition testimony in which she

acknowledged that she knew fire could hurt her and that she could be burned by fire, that she had seen birthday candles before and knew fire was on top of the candle, that she had seen the candle enclosed in glass on the counter on the day in question, and that she climbed onto the bathroom counter before she got hurt. Excerpts from a deposition of plaintiff's mother indicate that plaintiff was of above-average intelligence, that plaintiff had been warned about fire and that fire burns, that plaintiff had seen lighted birthday cake candles and knew that a lighted candle was fire, and that plaintiff told her that while plaintiff was waiting to use the bathroom she sat up on the counter and her dress caught on fire.

Plaintiff responded to the motion arguing that this case does not involve a situation where she was engaged in an activity or conduct directly involving the obvious danger, but was merely sitting on the bathroom counter unaware that the candle posed a danger to her, that whether fire was an obvious danger to plaintiff is a question of fact, that any obvious danger should have been recognized by an adult and remedied, that the candle was not such an extreme condition as to allow defendants to not protect against an injury to a child, and that the duty owed to plaintiff is for the jury to decide. Plaintiff, however, did not attach any documents to contradict the deposition excerpts accompanying defendants' motion for summary judgment.

The trial court granted the motion for summary judgment. Thereafter, plaintiff filed a motion for rehearing asserting therein that the trial court improperly granted summary judgment without the entire deposition testimony of plaintiff, that plaintiff's deposition testimony demonstrates that she was confused and upset during the deposition proceedings, and that there were insufficient questions presented during the deposition to establish plaintiff's ability "to appreciate on [sic] oath" which can only be judged in person by the trial court. Plaintiff attached a copy of the entire transcript of her deposition testimony as well as the transcript of her father's deposition testimony. The trial court denied the motion stating that the new material submitted by plaintiff failed to alter its opinion that no duty existed under these facts as a matter of law.

■■■ Summary judgment is appropriate only when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) It is fundamental, however, that there can be no recovery in tort for negligence unless the defendant breached a duty owed to the plaintiff. (*Curtis v. County*

*of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116.) As the existence of a legal duty is a question of law which must be determined by the court (*Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 440, 484 N.E.2d 1088), summary judgment in favor of defendants would be proper if the trial court correctly found that defendants owed no duty to plaintiff. See *Barnes v. Washington* (1973), 56 Ill. 2d 22, 27, 305 N.E.2d 535.

 In considering whether defendants owed a duty to plaintiff under the circumstances of this case, the customary principles of ordinary negligence must be applied to determine the liability of owners of premises upon which a child is injured. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177; *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836.) The common law categories of trespasser, licensee, and invitee, as they pertain to an injured child's status, however, are no longer relevant in determining liability. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 285-86, 464 N.E.2d 1023; see also Restatement (Second) of Torts sec. 343B (1965).) The duty which would be imposed under ordinary negligence is that the law impels an owner or occupier of land to remedy any dangerous condition on the premises where that person in possession or control of the premises knows or should know that children frequent the premises, as harm to the children caused by the dangerous condition is sufficiently foreseeable. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023.) A dangerous condition is defined as one which is likely to cause injury to children generally who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risks (102 Ill. 2d 278, 286, 464 N.E.2d 1023); however, if the condition complained of presents an obvious risk, which under ordinary conditions may reasonably be expected to be fully understood, appreciated, and avoided by any child of an age to be allowed at large, there is no duty to remedy that condition as children are expected to avoid dangers which are obvious, negating any reasonably foreseeable risk of harm (102 Ill. 2d 278, 286-87, 464 N.E.2d 1023).

Illinois has acknowledged that fire is a danger which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 327, 383 N.E.2d 177, quoting with approval Restatement (Second) of Torts sec. 339, comment *j*, at 203 (1965); see also *Cope v. Doe* (1984), 102 Ill. 2d 278, 286-87, 464 N.E.2d 1023.) Additionally, fire has been found to be an obvious danger. See *Jackson v. City of Biloxi* (Miss. 1973), 272 So. 2d

654 (a five-year-old boy was found to be mature and intelligent enough to appreciate the obvious danger of an open fire).

Essentially, plaintiff maintains on appeal that the issues of foreseeability of this injury and plaintiff's appreciation of the danger are questions of fact which should not have been decided by summary judgment. We disagree. The material facts on this record are not in dispute, and the issue before us is whether there is a legal duty owed by defendants under the pleadings and depositions filed. See *Weber v. Village of Carol Stream* (1984), 129 Ill. App. 3d 628, 472 N.E.2d 1203.

■ As our supreme court has acknowledged that a danger such as fire under ordinary circumstances may reasonably be expected to be fully understood by any child of an age to be allowed at large (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286-87, 464 N.E.2d 1023), we conclude that the danger of fire from a burning candle is similarly one to be understood and appreciated by a child of an age to be allowed at large. The record shows that plaintiff is of above-average intelligence for her age and has been taught by her mother of the danger of fire and that fire burns at the end of a candle. Plaintiff, too, stated in her deposition that she knew fire could hurt her, that fire burned, and that fire was on top of a candle. Plaintiff saw the candle, and no issue is raised in the pleadings that defendants were negligent in where they placed the candle. As there can be no recovery for injury caused by a danger found to be obvious, we hold that defendants owed no duty to plaintiff under these facts as a matter of law.

■ ■ Although plaintiff appears to argue that the trial judge's decision suggests that plaintiff assumed the risk, it is clear that the court below analyzed the duty issue properly in terms of appreciation of the risk rather than assumption of the risk. (See *Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 105, 482 N.E.2d 1061.) There also is no merit to plaintiff's contention that the trial court erred in failing to ascertain whether she, as a five-year-old at the time of her deposition, was competent to appreciate an oath and give testimony as a witness. No objection was made to her competency during the taking of the deposition or at the time the excerpts were submitted in support of the motion for summary judgment. Any objection was therefore waived. (87 Ill. 2d R. 211(c)(1); see *Lundell v. Citrano* (1984), 129 Ill. App. 3d 390, 396-98, 472 N.E.2d 541; *Hardman v. Helene Curtis Industries, Inc.* (1964), 48 Ill. App. 2d 42, 48-51, 198 N.E.2d 681.) Plaintiff first raised this issue in her motion for rehearing of the granting of summary judgment and, even at that time, never formally requested that the trial judge conduct a

hearing to determine her competency as a witness. Even were there no waiver, plaintiff's deposition testimony, in material part, merely corroborates her mother's testimony, that she could appreciate the risk of fire, and is therefore unnecessary in determining the existence of a legal duty on the motion for summary judgment.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.