CHARLES SUMNER, Plaintiff-Appellant, v. GLORIA HEBENSTREIT, Respondent-Appellee.

Fifth District   No. 5—86—0716

Opinion filed April 18, 1988.

Charles H. Stegmeyer, of Stegmeyer & Stegmeyer, Ltd., of Belleville, for appellant.

Cornelius Thomas Ducey, Jr., and Rhonda J. Kattelman, both of Ducey, Feder & Ducey, Ltd., of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Charles Sumner, appeals from a summary judgment entered against him and in favor of defendant, Gloria Hebenstreit, on October 2, 1986, by the circuit court of St. Clair County. We affirm.

On February 2, 1984, plaintiff filed an amended complaint seeking damages for injuries he sustained when he dove into a water-filled sandpit owned by defendant. From the complaint, depositions and answers to interrogatories on file, the following facts can be adduced. On August 1, 1982, plaintiff, then 19 years of age, and several of his friends went to a water-filled sandpit located near New Memphis, Illinois. Plaintiff had been to the sandpit to swim on numerous occasions

prior to the date of his accident. The boys arrived at the sandpit at approximately 2 p.m. Neither plaintiff nor his friends knew who owned the land, nor had they sought or obtained permission of the landowner to enter upon the premises. The boys swam in the water for approximately three hours before plaintiff's accident. During this time, plaintiff observed his friends repeatedly run off a cliff and dive into the water. Plaintiff had jumped off the same cliff several times that same afternoon and knew the approximate depth of the water in the area. There was nothing unusual about the bottom of the pit; the bottom was soft sand with no rocks or other protruding objects or hazards. When plaintiff dove off the cliff, he did not get a good push off and "messed up," causing him to enter the water perpendicularly instead of at an angle. His head struck the soft sandy bottom, breaking his neck and resulting in permanent quadraplegia.

The sandpit was a natural sand deposit which had been enlarged by a construction company which dredged sand therefrom for several years prior to plaintiff's accident. After the dredging operations had ceased, the pit had filled with water. Defendant used the pit to fish and often found trespassers there, whom she evicted. Over the years, defendant took extensive measures to prevent use of the sandpit by trespassers. She put up "no trespassing" signs; installed gates at the main entrance, which were stolen; placed cables across the roadway, which were cut; placed permanent steel signs saying "no swimming, hunting or trespassing," which were damaged by vandals; had trespassers arrested; and painted "no trespassing" and "keep out" on poles and concrete near the entranceway. Defendant never gave anyone, including plaintiff, permission to enter upon the premises.

■ ■ Summary judgment is appropriate when the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Facts unrelated to the essential elements of the plaintiff's cause of action are immaterial, and regardless of how sharply controverted, their presence in the record will not warrant denial of a motion for summary judgment. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 939, 453 N.E.2d 1133, 1136-37.) In a negligence action, in the absence of any showing upon which the court could infer the existence of a duty, no recovery would be possible as a matter of law and summary judgment in favor of defendant is proper. *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 210, 472 N.E.2d 161, 163.

■■ The parties agree that the duty owed by a landowner to persons who come upon his property varies according to whether the

person is an invitee, a licensee or a trespasser. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 86, 343 N.E.2d 261, 264.) An invitee is a person who goes upon the premises of another by an express or implied invitation for the benefit of the landowner or for the mutual benefit of landowner and invitee. (*Trout*, 36 Ill. App. 3d at 87, 343 N.E.2d at 264.) A landowner has the duty to exercise reasonable care for the safety of an invitee. (*Trout*, 36 Ill. App. 3d at 86, 343 N.E.2d at 264.) A licensee is a person who goes upon the premises of another with the express or implied consent of the owner to satisfy his own purposes and not to benefit the landowner. (*Trout*, 36 Ill. App. 3d at 87, 343 N.E.2d at 264.) To a licensee, a landowner owes the duty to refrain from wilful and wanton conduct injurious to the licensee and, in the exercise of ordinary care, to warn the licensee of hidden dangers on the land of which the owner has knowledge. (*Smith v. Goldman* (1977), 53 Ill. App. 3d 632, 634, 368 N.E.2d 1052, 1054.) A trespasser is one who enters the premises of another for his own purposes without permission, invitation or other right. (*Trout*, 36 Ill. App. 3d at 87, 343 N.E.2d at 264-65.) To a trespasser, a landowner owes only the duty not to wilfully and wantonly injure him and to use ordinary care to avoid injuring him after he is discovered in a place of danger. *Trout*, 36 Ill. App. 3d at 86, 343 N.E.2d at 264.

■ The parties agree that plaintiff was not an invitee to defendant's land. Plaintiff argues that whether he was a licensee or a trespasser is a question of fact. However, the question of status may be decided as a matter of law if there are no factual questions present. *Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 1102, 495 N.E.2d 679, 681.

■■ Plaintiff argues that he was a licensee because the history of repeated use of the land by others with defendant's knowledge constitutes implied consent of the defendant for others to use the land as a recreation area. Habitual acquiescence in a trespass may indeed constitute a license for persons to enter upon the land if the tolerance is so pronounced as to be tantamount to permission. (*Trout*, 36 Ill. App. 3d at 87, 343 N.E.2d at 265.) The evidence shows that defendant did not acquiesce in the repeated trespasses, but made every effort to prevent the trespasses. Certainly, defendant did not tolerate the trespasses to the extent that the tolerance was tantamount to permission. We find as a matter of law that plaintiff was a trespasser upon defendant's land and that defendant owed plaintiff only the duty to refrain from wilful and wanton conduct injurious to plaintiff. We point out, however, that the result would be the same were plaintiff found to be a licensee instead of a trespasser, as the duty in both cases is to

refrain from wilful and wanton conduct injurious to plaintiff.

■■ Wilful and wanton conduct is that which shows either a deliberate intention to harm, or an utter indifference to or conscious disregard for the safety of others. (*Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 201, 254 N.E.2d 515, 518.) Clearly, defendant committed no act or omission evidencing a deliberate intention to harm plaintiff. Defendant did not even know plaintiff was upon her land at the time of his accident. Plaintiff argues, however, that defendant had a duty to warn plaintiff that a special danger existed in the area—one that would not normally be expected to be found in a swimming area. The unusual danger to which plaintiff refers is the shifting nature of the sand, which, as it shifted, would change the depth of the water. He further argues that defendant's alleged abandonment of efforts to keep trespassers off of the premises constitutes a conscious disregard for the safety of others.

■■■ While a landowner's failure to warn of a hidden dangerous condition of which he is aware may constitute wilful and wanton conduct, the dangerous condition must be actually hidden. There is no duty to warn of an open or obvious danger of which the licensee or trespasser is also aware. *Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 1103, 495 N.E.2d 679, 681.

■■ ■ A body of water is generally held not to constitute a concealed dangerous condition. (*Weber v. Village of Carol Stream* (1984), 129 Ill. App. 3d 628, 631-32, 472 N.E.2d 1203, 1206.) A partially or completely ice-covered body of water is not a concealed dangerous condition, but is a risk which may reasonably be expected to be fully understood and appreciated by a licensee or trespasser. (*Weber*, 129 Ill. App. 3d at 632, 472 N.E.2d at 1206.) We find that a body of water with a soft sandy bottom is not a concealed dangerous condition. That soft sand shifts with currents and disturbances is a condition which may reasonably be expected to be understood by a licensee or trespasser. There was nothing unusual or deceptive about the bottom of the sandpit which presented a special or indiscernible danger. A soft sandy bottom is not, as plaintiff argues, a condition which is not normally found in a swimming area. Furthermore, plaintiff had been swimming and diving in the area where his accident occurred for three hours prior to his accident and was aware of the approximate depth of the water and the condition of the sand in the area. Defendant had no duty to warn plaintiff of a condition which was not unusually dangerous and of which plaintiff was already, or should have been, aware. Her failure to so warn did not constitute wilful and wanton conduct.

■■ Finally, that defendant may have at one time attempted to keep trespassers off her land and then abandoned those efforts does not create a duty where none previously existed. A person who has gratuitously assumed to protect others against injury is under no obligation to continue that protection indefinitely. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1006, 365 N.E.2d 80, 85.) Assuming that defendant did abandon efforts to keep trespassers off her land, this does not evidence a conscious disregard for the safety of others and does not constitute wilful and wanton conduct.

We find as a matter of law that defendant did not breach her duty to refrain from wilful and wanton conduct injurious to plaintiff. Therefore, summary judgment was properly entered in favor of defendant.

For the foregoing reasons, the judgment of the circuit court of St. Clair county is affirmed.

Affirmed.

KARNS and LEWIS, JJ., concur.