BOBBY M. PIWOWAR, JR., a Minor by Janet V. Piwowar, his Mother and Next Friend, Plaintiff-Appellant, v. CLINT GARRETT, Defendant-Appellee (Vyto Spackauskas, Jr., a Minor, *et al.*, Defendants).

Third District   No. 3—88—0075

Opinion filed April 25, 1989.

Douglas W. Graham, of Chicago, for appellant.

William C. Brittan and Neil D. O'Connor, both of O'Connor & Schiff, of Chicago (Loretta M. Griffin, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Bobby Piwowar sought damages for injuries sustained while attempting to stamp out a grass fire on property belonging to defendant Clint Garrett. The trial court entered a summary judgment in favor of defendant. We affirm.

Plaintiff, who was 12 years old, was walking with his 13-year-old friend, Vyto Spackauskas, across an empty lot owned by defendant, when Vyto attempted to light a cigarette and in the process dropped his lighter onto the ground, thereby starting a grass fire. Vyto wanted to run away, but plaintiff thought they should stamp out the fire to avoid getting into trouble. Plaintiff slipped as he jogged toward the flames and fell into the fire. His clothing caught fire, and he was severely burned before he was able to extinguish the flames in a large puddle of water nearby.

Plaintiff's complaint alleged that defendant's premises were saturated with gasoline and that an explosion knocked plaintiff to the ground and caused his burns. Defendant denied all the allegations concerning the presence of gasoline and asserted in his affirmative defense that any gasoline on the premises was brought there by plaintiff and Vyto without the knowledge of defendant. Defendant's motion for summary judgment incorporated plaintiff's deposition, in which he de-

scribed the accident which resulted in his injuries. According to the deposition, plaintiff detected no gasoline in the vicinity of the fire. He did see a plastic bleach bottle about a foot away from the flames, but it did not ignite.

On appeal plaintiff contends the trial court erred in entering summary judgment for defendant because the court failed to recognize that plaintiff had the status of an invitee to whom defendant owed a duty of ordinary care under the "rescue doctrine." It is plaintiff's theory, for purposes of this argument, that he was attempting to protect defendant's property from fire at the time he was injured.

This contention is without merit for several reasons. First, the common law categories of trespasser, licensee and invitee are no longer applicable in determining the landowner's liability for injuries to a child upon the land, but rather the test is the foreseeability of harm to the child. *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836.

Second, Illinois does not recognize the "rescue doctrine" as a basis for liability under the facts of this case. Illinois courts have held that "a plaintiff *** injured in an attempt to rescue a third party *** [may] negate the presumption that his intentional act of rescue is the superseding cause of his injuries, thereby allowing him to prove that the defendant's negligence was the proximate cause of his injuries and to negate the presumption that he was guilty of contributory negligence by voluntarily assuming a known risk of harm in the rescue attempt." (*McGinty v. Nissen* (1984), 127 Ill. App. 3d 618, 620, 468 N.E.2d 445.) Plaintiff does not claim to have been attempting to rescue his friend or any other third party but merely to have been attempting to prevent himself from getting into trouble. Furthermore, the grass fire was on an empty lot containing no buildings or structures that would have been endangered by the fire.

Third, plaintiff's argument is premised on the assumption that gasoline was present on the ground where the lighter was dropped. However, plaintiff's own deposition contains nothing to support the allegations of the complaint concerning the presence of gasoline. In fact, the deposition indicates that plaintiff neither saw nor smelled gasoline in the vicinity. The ground was damp because it had been raining earlier the morning of the accident. Thus, plaintiff's assumption is not supported by anything in the record.

The determinative question is whether this fire was an obvious danger which a 12-year-old child would be expected to appreciate and to avoid. Under the law of Illinois, children of an age to be allowed at large may reasonably be expected to fully understand and

appreciate the danger of fire. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.) Even a child of five years can be expected to comprehend and avoid the obvious risks presented by fire. (*Sampson v. Zimmerman* (1986), 151 Ill. App. 3d 396, 502 N.E.2d 846.) Plaintiff stated in his deposition that he had had Boy Scout training as to the dangers of fire, and in any event, a boy of his age would be expected to understand fully the obvious danger involved in attempting to extinguish a grass fire under these circumstances.

The material facts of this case are not in dispute. Under the pleadings and deposition in the record, defendant owed no duty to plaintiff, the breach of which could be the basis of liability. Summary judgment for defendant was properly entered by the trial court, and that judgment is affirmed on appeal.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.