**CEDAR HILL CEMETERY v. BALL (two cases).**

Nos. 6357, 6358.

United States Court of Appeals for the District of Columbia.

Argued April 8, 1935.

Decided May 6, 1935.

Joseph T. Sherier, of Washington, D. C., for appellant.

Austin F. Canfield and Nita S. Hinman, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

These appeals are from judgments of the Supreme Court of the District of Columbia upon verdicts of a jury in actions brought by the husband and wife to recover damages for personal injuries sustained by the wife (for convenience hereafter referred to as the plaintiff) through the negligence of defendant, and for expenses incurred and losses alleged to have been sustained by the husband in consequence of the injuries to his wife.

The declaration charged that defendant was the owner of land located in Maryland upon which it maintained a cemetery. That defendant dug a grave in close proximity to a crosswalk or pathway in its cemetery, and placed over the open grave a piece of canvas; and that without further warning or protection against accident on the part of defendant, plaintiff, while walking along the pathway adjacent to the grave, slipped and fell therein, sustaining the injuries complained of.

Defendant interposed two pleas: First it denied specifically the actions of negligence alleged in the declaration; and, second, it pleaded contributory negligence on the part of plaintiff.

At the close of plaintiff's case the defendant moved for directed verdicts on the ground that plaintiff failed to prove the acts of negligence charged in the declaration against the defendant, and on the further ground that plaintiff was guilty of contributory negligence. This motion was denied, and at the close of the entire testimony the motion was renewed and again denied by the court, and exceptions duly noted.

We think the case can be disposed of upon the consideration of this single exception.

It appears that plaintiffs went to the cemetery between 9 and 10 o'clock on the morning of the 16th of October, 1932, for the purpose of decorating the grave of a grandchild. The rear of the lot in which the grave was situated could be reached from a cement walk by crossing an intervening space of from two to three feet. The head of the grave, however, which plaintiff desired to reach was on the opposite side of the lot from the cement walk and in immediate proximity to a walk or path extending between the lot in which the grave was located and the adjoining lot on which the grave in question had been dug. Plaintiff, with her husband and grandchildren, instead of crossing from the cement walk and crossing the lot to reach the grave of the child, approached it by way of the path or walk extending between the lots.

According to the testimony of plaintiff and her husband, the grave that had been dug was covered with a canvas which extended out some distance over the walk between the lots. Plaintiff, passing along the walk, stepped on the canvas and something under the canvas caused her to slip and fall into the open grave. Their testimony is that the canvas was dragged in after her.

There is much conflict in the testimony as to the conditions existing in the cemetery and surrounding the accident. There is testimony that it had been raining and that the ground was wet and that some mud had accumulated on the path under the canvas, which caused plaintiff to slip. Plaintiff testified that when she approached the grave and saw the canvas covering she assumed that it had been filled before it was covered.

The man who dug the grave, a witness for the defendant, testified that when he finished digging the grave that morning about 9 o'clock, he left it and went to procure some boards with which to cover it, as he had been instructed to do by the superintendent, and it was while he was absent that the accident occurred.

Counsel for defendant proceed upon the theory that the plaintiffs were merely licensees in the cemetery, while the plaintiffs contend that they were invitees, and as such entitled to reasonable care and protection by defendant from accident. We think that the plaintiffs were exercising both a right and a privilege accorded the owners of lots in the cemetery, and the right of friends and relatives of such owner to visit the cemetery at the hours permitted by defendant company, and to use the ways provided by defendant for going to and from the lots. We think that contributory negligence cannot be charged against the plaintiff for selecting the course she was pursuing to reach the head of her granddaughter's grave, instead of crossing the lot from the cement walk which defendant contends was the shortest and most accessible way to reach the grave. Indeed, we think plaintiff used the proper walk provided by defendant to reach the grave of her grandchild for the purpose of decorating it by placing flowers at the head thereof.

The contention of counsel for defendant that it was contributory negligence as matter of law for the plaintiff to approach the grave in the course she selected, rather than to adopt the shorter course by crossing from the cement walk, is without merit.

This was a question for the jury to determine from the evidence, and we think the jury was right in resolving it against the defendant.

The plaintiffs were there as invitees of the defendant company, and so long as they used the walks and ways provided for reaching their lot, they could select the path or walk to be pursued without being guilty of negligence in doing so. The duty devolving upon defendant to keep the premises in reasonably' safe condition for those visiting the cemetery, at the times when it was open to the public, is imperative; and the question of whether or not defendant was negligent in this particular was one of fact for the jury to determine from all the evidence in the case. There was ample evidence to sustain the verdict of the jury, hence we find no reason for setting it. aside either on the ground of negligence or contributory negligence.

We have examined the exceptions as to the admission of certain evidence, and also relating to the refusal of the court to grant certain prayers requested by counsel for defendant, and we find nothing therein that would justify a reversal of the judgments in these cases.

The judgments are affirmed, with costs.