JOSEPH R. MAZZEFFI, SR., Plaintiff-Appellant, v. BERNARD SCHWANKE, d/b/a Ashland & Waveland Service Station *et al.*, Defendants-Appellees.
First District (1st Division)   No. 76-332

Opinion filed September 2, 1977.—Rehearing denied September 13, 1977.

Delbert T. Been, of Chicago, for appellant.

James T. Ferrini, of Clausen, Miller, Gorman, Caffrey & Witous, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Joseph R. Mazzeffi, Sr., filed this action for personal injury sustained when he fell into a hole in the ground behind the service station operated by defendant Schwanke and leased from defendant Exxon. The circuit court of Cook County granted defendants' motion for summary judgment, and plaintiff appeals. On appeal, plaintiff argues that summary judgment was improperly granted because there were questions of material fact as to plaintiff's status on defendants' property, whether the condition of the property constituted a dangerous trap, and whether plaintiff was contributorily negligent.

We affirm.

The affidavits of record disclose the following pertinent facts. On the evening of March 6, 1973, plaintiff and his son walked toward the son's car, which was parked in an unlit area behind defendants' gas station, so

that they could drive together to a neighborhood shopping area. The son walked ahead, staying close to the parked cars, entered his car, and sat in the driver's seat. The plaintiff momentarily followed, walking close to the rear of the gas station, and fell into a hole, sustaining personal injury. The affidavits further disclosed that defendant Schwanke knew that the hole, about 30 inches in diameter and between four and eight feet deep, was in the rear of the station, but that he thought the hole was covered with a metal sheet he had placed there. He stated that he did not go behind the station often, and that he did not recall the last time he saw the metal sheet before the incident. The plaintiff stated that he could not see the ground behind the station as he was walking because it was too dark. Plaintiff's son stated that the hole was readily visible in daylight, and that defendant Schwanke allowed him to park his car behind the station because he was a regular customer. There was, however, a no parking sign behind the station.

■■ The first issue on appeal is whether there was a genuine issue as to any material fact concerning plaintiff's status on defendants' property. Plaintiff contends that his son, and thereby plaintiff by implication, was a business invitee because Schwanke received a benefit from the son's use of the parking lot. It is argued that the facts are clear that Schwanke permitted parking behind his station by those persons who bought gas from him. Defendants argue that plaintiff was a licensee as a matter of law, citing the similar case of *Dent v. Great Atlantic & Pacific Tea Co.* (1955), 4 Ill. App. 2d 500, 124 N.E.2d 360. Therein, the manager of the grocery store permitted customers and others to park in the store's lot, and there was a sign which read "Free Parking For A & P Customers." It was held that the plaintiff was a licensee because he went upon the parking lot for his own convenience and not for a purpose connected with the business in which the occupant was engaged. In the instant case, following *Dent,* we hold that there was no genuine issue of fact as to plaintiff's status on the land; he was a licensee because he came upon the land solely for his own convenience.

■■■ The second issue is whether there was a genuine issue as to any material fact concerning whether defendants breached the duty owed to plaintiff. Since plaintiff was a licensee, the duty owed to him by defendants was to refrain from wilful and wanton misconduct. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261.) Plaintiff argues that the affidavits showed that the open hole concealed by darkness was a hidden danger of which he should have been warned, since the failure of a landowner to disclose known hidden dangers to a licensee may constitute wilful and wanton misconduct. (*Schoen v. Harris* (1969), 108 Ill. App. 2d 186, 246 N.E.2d 849.) However, the applicable rule of law is that a licensee must avoid at his own peril an open hole

which is concealed only by the darkness of night since such danger is not considered hidden. (*Hessler v. Cole* (1972), 7 Ill. App. 3d 902, 289 N.E.2d 204; *Dent.*) Since there is no issue as to the fact that the hole was readily visible by daylight, but concealed only by darkness, we hold that defendants were entitled to summary judgment as a matter of law.

In light of our conclusion, plaintiff's remaining contentions need not be considered.

For the abovementioned reasons, the judgment of the circuit court of Cook County in favor of defendants is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.