BINA MENTESANA, Plaintiff-Appellant, *v.* LEO LaFRANCO, Indiv. and d/b/a Leo's E-Z Go Service Station, Defendant-Appellee.

First District (4th Division)   No. 78-647

Opinion filed May 31, 1979.—Rehearing denied July 9, 1979.

Marshall I. Teichner, Ltd., of Chicago (Philip J. Rock, of counsel), for appellant.

Walter H. Djokic, of Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff brought this action alleging she suffered personal injuries when she slipped on some ice while crossing filling station premises to reach another street. The trial court granted summary judgment for the defendant ruling that at the time of injury the plaintiff was a licensee and defendant owed her only a duty to refrain from wilful and wanton conduct.

We affirm.

The only evidence before the court when it ruled on the defendant's motion for summary judgment was that contained in the depositions of the plaintiff and the individual defendant, Leo LaFranco (hereinafter defendant). On December 22, 1974, there was a very heavy snowfall in Chicago. The next day it was very cold. There was snow all over. While people removed some snow, it was impossible to clear it all.

The defendant owned a filling station at the northwest corner of Addison and Harlem, facing on Addison. After the snow, the defendant used a snow plow to plow off his property since snow could put him out of business. As he always did, he dumped the snow between two utility poles which were situated on the westernmost part of the property. This area was next to a sloping section which once had been used as a driveway for the gas station. The pictures of the service station indicate that this is the only area of the property where the snow would not block access either to the garage, the shop or the pumps. The mound of snow was between five and six feet high and about that wide at the base. The plaintiff herself stated in her deposition that it was too cold for them to clear it all; even the water was ice.

At about 9:20 a.m. on December 23, 1974, the plaintiff left her home to go to her dress shop which was about three blocks away. She walked

along Addison and then because she was in a hurry (her shop opened at 9:30 promptly) she cut across the defendant's property. She usually took this short cut. She was not the only one who did. The defendant stated in his deposition that in December about 20 to 30 people daily trespassed, that is, they just walked across the property and were not there for business purposes. He did not try to stop them.

As noted, the plaintiff customarily cut across the service station premises, apparently leaving the public sidewalk when she reached the utility poles to cut diagonally across for a few feet and then walk in front of the office area and from there diagonally across to the other corner of the gas station. On this particular morning she began to cut across near the mound of snow. She saw that the surface she was walking on had something smooth on it coming from the pile of snow but thought it was water. Instead it was ice and she slipped and fell and injured herself.

The plaintiff brought suit against the defendant alleging that the defendant carelessly and negligently:

"(a) Improperly maintained, managed, operated and controlled said premises including the sidewalk so that as a direct and proximate result thereof, the Plaintiff was injured.

(b) Maintained, controlled, managed and operated said premises including the sidewalk in a dangerous and hazardous condition although they knew or in the exercise of ordinary care should have known of said condition.

(c) Allowed the said premises including the sidewalk to be in a dangerous and defective condition in that they allowed and permitted it to become slippery due to an accumulation of debris thus causing the same to become dangerous and unsafe.

(d) Failed to correct the defective and unsafe condition of said premises.

(e) Failed to warn Plaintiff that the said premises was in a dangerous and unsafe condition.

(f) Failed to use due care in inspecting the condition of said premises.

(g) Otherwise so carelessly and negligently operated, controlled and maintained their said premises and sidewalk in such a manner as to cause injury to the Plaintiff herein."

The trial court on December 1, 1977, entered a summary judgment for the defendant, ruling that the plaintiff was a licensee, and therefore the defendant only owed a duty to refrain from wilful and wanton conduct. The plaintiff filed her notice of appeal on Tuesday, January 3, 1978.

## I.

■■■ The defendant has moved to dismiss the appeal on the grounds it

was not timely filed. Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)), provides that a notice of appeal must be filed within 30 days after entry of judgment; this is jurisdictional and cannot be waived. However, section 1.11 of "an Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 1.11) provides that:

> "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded."

In the instant case, the 30-day period normally would have ended on December 31. But December 31 was a Saturday so under the statute it must be excluded. January 1 was a Sunday; January 2 was a legal holiday. Accordingly, the notice of appeal being filed on January 3 was timely filed. *Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421, 194 N.E.2d 521; *Sarro v. Illinois Mutual Fire Insurance Co.* (1962), 34 Ill. App. 2d 270, 181 N.E.2d 187, *appeal denied* (1962), 24 Ill. 2d 628.

## II.

The plaintiff in this case has sought to recover from the defendant, claiming only that the defendant was negligent in his dealings towards the plaintiff. This, as the lower court ruled, is insufficient.

As stated in *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 86, 343 N.E.2d 261, 264:

> "Under Illinois law the duty of a landowner with respect to a person who comes upon the premises varies according to the status of the person. (*Gartley v. Chicago Housing Authority*, 28 Ill. App. 3d 705, 329 N.E.2d 252; 28 Ill. L. & Pr. *Negligence* §§51, 56 and 60 (1957).) It has long been settled that a landowner has a duty to exercise reasonable care for the safety of an invitee. (*Pauckner v. Wakem*, 231 Ill. 276, 83 N.E. 202, 14 L.R.A. 1118; *Milauskis v. Terminal R.R. Association*, 286 Ill. 547, 122 N.E. 78.) To a trespasser, however, the landowner owes only the duty not to willfully and wantonly injure him and to use ordinary care to avoid injuring him after he is discovered in a place of danger. (*Briney v. Illinois Central R.R. Co.*, 401 Ill. 181, 81 N.E.2d 866.) The owner's duty to a licensee is the same as his duty to a trespasser (*Pauckner v. Wakem; Jones v. 20 North Wacker Drive Building Corp.*, 332 Ill. App. 382, 75 N.E.2d 400); the licensee will be able to recover only by showing an injury willfully and wantonly inflicted. *Pauckner v.*

*Wakem*; *Schoen v. Harris*, 108 Ill. App. 2d 186, 246 N.E.2d 849."

This rule has been recently reaffirmed by such cases as *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282 and *Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 371 N.E.2d 978.

■■ The trial court here found that the plaintiff was a licensee rather than a mere trespasser on the basis that habitual acquiescence in a trespass may constitute a license for persons to go upon the land if the tolerance is so pronounced as to be tantamount to permission. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261.) However, even in cases of habitual acquiescence by the landowner, a person on the premises because of such tolerance who is injured thereon will not be able to recover by showing mere negligence on the part of the landowner but only by showing wilful and wanton conduct. *Illinois Central R.R. Co. v. Eicher* (1903), 202 Ill. 556, 67 N.E. 376; *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261.

The plaintiff, however, contends that even though she was merely a licensee she can recover because the defendant was actively negligent, citing *Moore v. Ohio Oil Co.* (1926), 241 Ill. App. 388. The defendant responds that the claim of "active negligence" is not properly before the court since it was not set forth in the complaint. We are inclined to agree that the complaint does not adequately allege a claim for "active" negligence. However, the judgment was rendered on a motion for summary judgment. The defendant was at all times aware that the plaintiff was seeking to recover because she slipped on ice and that she was claiming the ice was caused by the snow he had piled in the corner of the property. Pleadings are to be liberally construed (Ill. Rev. Stat. 1977, ch. 110, par. 33; *Fisher v. Holt* (1977), 52 Ill. App. 3d 164, 367 N.E.2d 370; *Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 363 N.E.2d 167, *appeal denied* (1977), 66 Ill. 2d 631; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182), and courts readily permit them to be amended unless the other party would be prejudiced thereby. (*Merrill v. Drazek* (1978), 58 Ill. App. 3d 455, 374 N.E.2d 792; *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 356 N.E.2d 164; *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167; *Goshey v. Dunlap* (1973), 16 Ill. App. 3d 29, 305 N.E.2d 648; *Able v. Pure Oil Co.* (1972), 8 Ill. App. 3d 558, 290 N.E.2d 331.) Therefore, it would not be consistent with justice for us to ignore the plaintiff's real claim, even though it may not, at this early stage, have been adequately pleaded.

■■ However, we do not agree that *Moore* stands for the proposition that the plaintiff licensee can recover for active negligence. Rather, *Moore v. Ohio Oil Co.* (1926), 241 Ill. App. 388, and a more recent case, *Wrigley v. Electric & Machine Co.* (7th Cir. 1969), 419 F.2d 972, stand for the

proposition that where a well-defined path or roadway has developed through continuous use or where a private path or roadway has been continuously used by the public through the tolerance of the landowner, an affirmative act of the landowner making the path or roadway more dangerous will, unless the landowner gives sufficient notice thereof to the public, constitute wilful and wanton conduct sufficient for recovery by any person injured thereby. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261.) Liability in this instance as in others where latent defects are involved is based, at least in part, on the superior knowledge which owners or possessors of land have as to dangerous conditions on the land. (*Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, 356 N.E.2d 148; *Schoen v. Harris* (1969), 108 Ill. App. 2d 186, 246 N.E.2d 849, *appeal denied* (1970), 41 Ill. 2d 582; *Masseffi v. Schwanke* (1977), 52 Ill. App. 3d 1032, 368 N.E.2d 441, *appeal denied* (1977), 66 Ill. 2d 639, *cert. denied* (1978), __ U.S. __, 58 L. Ed. 2d 181, 99 S. Ct. 199.) It follows that the defendant is not liable where the public has or is given sufficient notice.

■■ The plaintiff here saw the snow; she also saw the ice although she believed it to be water. She knew it was cold; we must assume she had the knowledge of ordinary persons that water freezes in extreme cold. Accordingly, we cannot say that there was a hidden danger of which the defendant was required to give notice, any more than if there had been a hole on the property. See *Mazzeffi v. Schwanke* (1977), 52 Ill. App. 3d 1032, 1033, 368 N.E.2d 441, 442, *appeal denied* (1977), 66 Ill. 2d 639, *cert. denied* (1978), __ U.S. __, 58 L. Ed. 2d 181, 99 S. Ct. 199, where liability was denied although the plaintiff fell into a hole at night in an unlighted area behind the defendant's service station, the court pointing out that the applicable rule of law is that "a licensee must avoid at his own peril an open hole."

### III.

■■ The plaintiff, however, urges us to abandon the invitee-licensee-trespasser distinction. It is true that this rule has been severely criticized in recent cases, *e.g.*, the dissenting opinion in *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282, and the concurring opinion in *Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 371 N.E.2d 978. Furthermore, we take judicial notice of the fact that the Illinois Supreme Court has in its most recent annual report to the State Legislature recommended that it adopt legislation abolishing or modifying the common law rule, and creating a standard of reasonable care based on foreseeability of harm without regard to the classification of trespasser, licensee and invitee. We are also aware of the fact that several States have abolished or modified the distinction. (*E.g., Rowland v. Christian* (1968),.

69 Cal. 2d 108, 443 P.2d 561, 70 Cal. Rptr. 97; *Basso v. Miller* (1976), 40 N.Y.2d 233, 352 N.E.2d 868, 386 N.Y.S.2d 564; *Peterson v. Balach* (1972), 294 Minn. 161, 199 N.W.2d 639; *Antoniewicz v. Reszcynski* (1975), 70 Wis. 2d 836, 236 N.W.2d 1, among others.) Nevertheless, as we stated in *Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 5, 371 N.E.2d 978, 979, "While this court finds itself in sympathy with this contention of the plaintiff, it is not for this court to reverse the many cases and opinions of the Illinois Supreme Court."

Furthermore, we cannot help noting that the plaintiff here admittedly saw that the surface was smooth and chose to walk on it although she could have crossed the lot where it was clear. While it is not negligence *per se* for a person to go on dangerous premises (*Fitzsimmons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534, *appeal denied* (1961), 21 Ill. 2d 621), still the plaintiff had a duty to avoid an obvious peril, particularly since there was a reasonable alternative. *Carter v. Winter* (1965), 32 Ill. 2d 275, 204 N.E.2d 755, *cert. denied* (1965), 382 U.S. 825, 15 L. Ed. 2d 70, 86 S. Ct. 56.

Since the defendant owed the plaintiff only a duty to avoid wilful and wanton conduct and since the defendant did not breach that duty the trial court was correct in granting the summary judgment.

Judgment affirmed.

JOHNSON and LINN, JJ., concur.