CASIMIRA M. SKOCZYLAS, Plaintiff-Appellant, v. JOHN BALLIS, Defendant-Appellee.

First District (4th Division)   No. 1—88—3816

Opinion filed November 9, 1989.

Richard J. Belmonte, of Chicago, for appellant.

Law Offices of Sherwin Greenberg, of Chicago (Manuel Magence, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Casimira M. Skoczylas, sued to recover damages for injuries sustained when she fell in a parking lot owned and operated by the defendant, John Ballis, in connection with his restaurant business. The complaint alleged that she was walking across the lot to reach a business establishment on the other side and that her fall was occasioned by the defendant's negligence in failing to exercise reasonable care to maintain the premises. The defendant filed a motion to dismiss the complaint for failure to state a cause of action (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) on the grounds that the allegations established that the defendant was a trespasser and was therefore not owed a duty of reasonable care. The trial court dis-

missed the complaint, and the plaintiff has appealed, contending that the complaint alleged facts showing that she was a licensee rather than a trespasser and that the defendant accordingly owed her a duty to exercise reasonable care as stated in the Illinois Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, par. 301 *et seq.*).

The issue on appeal is whether the plaintiff alleged sufficient facts to establish that the defendant habitually acquiesced in trespasses onto his parking lot so as to constitute a license for persons to walk across the premises.

The second amended complaint contained the following allegations. The defendant owned a restaurant and parking lot located at 5624 Milwaukee Avenue in Chicago. The lot was triangular in shape and bordered by the intersection of Milwaukee Avenue and Marmora Street. There were several business establishments located near the defendant's premises, and it was a common practice for individuals going to those establishments to park on Marmora Street and walk across the defendant's parking lot. The defendant "habitually acquiesced" in allowing those individuals to walk across his lot and "expressly or impliedly consented" to their use of the lot as a path to the other businesses. On May 12, 1986, the plaintiff parked her car on Marmora Street and began to walk across the defendant's parking lot to reach a business located on the other side. She tripped and fell on a plastic banding loop in the lot and was injured. The complaint further alleged that her injuries were proximately caused by the defendant's failure to exercise reasonable care in maintaining the lot.

The defendant filed a section 2--615 motion to dismiss for failure to state a cause of action on the grounds that the "plaintiff does not allege any facts which would make plaintiff anything more than a trespasser herein." Following a hearing, the trial court granted the defendant's motion to dismiss.

The plaintiff contends on appeal that she alleged sufficient facts to show that she was a licensee rather than a trespasser and that the defendant therefore owed her a duty of reasonable care under the circumstances as stated in the Premises Liability Act. (Ill. Rev. Stat. 1987, ch. 80, par. 302.) Specifically, she argues that the defendant's knowledge that persons commonly crossed his premises to reach adjacent businesses resulted in an implied consent which gave the plaintiff the status of licensee rather than trespasser.

Prior to the effective date of the Premises Liability Act, the duty of a landowner with respect to a person who comes upon the premises varied according to whether that person held the status

of invitee, licensee or trespasser. (*Mentesana v. LaFranco* (1979), 73 Ill. App. 3d 204, 207, 391 N.E.2d 416.) An invitee has been defined as a person who enters the premises pursuant to an express or implied invitation to transact business in which he and the owner have a mutual interest or to promote some real or fancied material, financial or economic interest of the owner. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87, 343 N.E.2d 261.) A licensee is one who enters the premises with the express or implied consent of the owner to satisfy his own purposes rather than for the mutual benefit of himself and the owner or a purpose connected with the owner's business. (*Trout*, 36 Ill. App. 3d 83, 343 N.E.2d 261.) A trespasser is a person who enters the premises without permission, invitation or other right, and intrudes for some purpose of his own, or at his convenience, or merely as an idler. (*Trout*, 36 Ill. App. 3d 83, 343 N.E.2d 261.) While a landowner had a duty to exercise reasonable care for the safety of an invitee, the only duty owed to a licensee or trespasser was the duty not to willfully and wantonly injure him and to use ordinary care to avoid injuring him after he is discovered in a place of danger. *Mentesana*, 73 Ill. App. 3d 204, 391 N.E.2d 416.

■ The Premises Liability Act abolished the distinction between invitees and licensees with respect to the duty owed by a landowner. (Ill. Rev. Stat. 1987, ch. 80, par. 302.) Under the Act, the duty owed to both invitees and licensees is that of "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1987, ch. 80, par. 302.) However, the Act specifically provides that "[n]othing herein affects the law as regards any category of trespasser." (Ill. Rev. Stat. 1987, ch. 80, par. 303.) Thus, the duty to a trespasser remains only the duty to refrain from willfully and wantonly injuring him. *Knyal v. Illinois Power Co.* (1988), 169 Ill. App. 3d 440, 442, 523 N.E.2d 639.

In the case at bar, the complaint established that the plaintiff entered the defendant's parking lot as a means of reaching a business establishment on the other side and not as a customer of the defendant's restaurant. She maintains, however, that the fact that the defendant knew that persons commonly used his lot as a path to the adjacent businesses resulted in an express or implied consent on his part and thereby gave her the status of a licensee rather than a trespasser. In support of this contention, the plaintiff relies upon the proposition stated in *Mentesana v. LaFranco* (1979), 73 Ill. App. 3d 204, 208, 391 N.E.2d 416, 419, and *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87, 343 N.E.2d 261, 265, that "habitual acquiescence in a trespass may constitute a license for persons to go

upon the land if the tolerance is so pronounced as to be tantamount to permission."[1]

Section 330 of the Second Restatement of Torts provides some guidance as to what facts will establish implied consent or toleration sufficient to constitute a license. (Restatement (Second) of Torts §330, at 172 (1965).) Section 330 defines a licensee as "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." Comment c, captioned "Consent and toleration," discusses instances in which a landowner's failure to object to a person's entry onto the land may constitute a sufficient indication of consent. According to this comment, a landowner's failure to the entry may constitute consent if the landowner knows of the person's intention to enter and has reason to believe that an objection to the entry would be effective in preventing it. However, the comment then states:

> "[T]he fact that the possessor knows of the intention to enter and does not prevent it is not necessarily a manifestation of consent, and therefore is not necessarily permission. A failure to take burdensome and expensive precautions against the intrusion manifests only an unwillingness to go to the trouble and expense of preventing others from trespassing on the land, and indicates only toleration of the practically unavoidable, rather than consent to the entry as licensee. Even a failure to post a notice warning the public not to trespass cannot reasonably be construed as an expression of consent to the intrusion of persons who habitually and notoriously disregard such notices." Restatement (Second) of Torts §330, comment c, at 173 (1965).

■ We find the above-quoted language significant to the instant cause. The defendant owns and operates the parking lot for the use of customers of his restaurant and not for the convenience of the public at large. It was necessary for the defendant to maintain his lot in a manner which would allow free access during normal business hours to those persons intending to patronize his restaurant. Under these circumstances, we do not believe that the plaintiff's alle-

---

[1]We express no disagreement with the proposition stated in *Mentesana* and *Trout*. However, we note that both cases were decided before the enactment of the Premises Liability Act at a time when the duty owed to trespassers and licensees was the same, *i.e.*, the duty to refrain from willfully and wantonly injuring them. For that reason, in neither case was it necessary to apply this proposition to decide whether the landowner habitually acquiesced in a trespass so as to constitute a license to enter the land.

6

gation that the defendant "habitually acquiesced" in the public's common practice of crossing his parking lot to reach other business establishments is sufficient to establish the type of implied consent or permission necessary to give her the status of a licensee. The complaint states no facts to support the plaintiff's conclusion of habitual acquiescence other than that the defendant knew it was common for persons to use his lot as a pathway to the other businesses. Given the nature of the premises in question and the defendant's need to allow free access to his customers, we do not believe that the plaintiff's allegations were sufficient to establish that she held the status of licensee rather than trespasser. At most, they establish the defendant's toleration of the practically unavoidable rather than consent to the entry. Thus, the defendant did not owe her the duty of reasonable care under the circumstances as set forth in the Premises Liability Act, and the trial court properly dismissed the complaint for failure to state a cause of action.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.