**Angelina BOYRIE, Appellant,**

v.

**E & G PROPERTY SERVICES, et al., Appellees.**

**No. 11–CV–1631.**

District of Columbia Court of Appeals.

Submitted Oct. 12, 2012.

Decided Jan. 3, 2013.

---

Anthony Graham, Sr., Largo, MD, was on the brief for appellant.

Debra L. Wynne, Hunt Valley, MD, was on the brief for appellees.

Before OBERLY and McLEESE, Associate Judges, and STEADMAN, Senior Judge.

McLEESE, Associate Judge:

Angelina Boyrie sued appellees, claiming that she fell and was injured as a result of appellees' negligence in failing to remove ice and snow from property they owned and managed. The trial court granted summary judgment for appellees, concluding that Ms. Boyrie was a trespasser at the time of her fall and that appellees

therefore did not owe her a duty of reasonable care. We hold that the current record does not establish as a matter of law that Ms. Boyrie was a trespasser, and therefore reverse and remand for further proceedings.

## I.

The parties do not dispute the following facts. Ms. Boyrie's friend Edward Sturgis arranged to have his friend Harold Roger repair Ms. Boyrie's broken television. Some months later, Ms. Boyrie and Mr. Sturgis decided to check on the status of the repairs, by going together to Mr. Roger's apartment building, which is owned and managed by appellees. Ms. Boyrie and Mr. Sturgis did not notify Mr. Roger that they were coming.

When Ms. Boyrie and Mr. Sturgis arrived, they went to the front door of the apartment building and rang the doorbell. Receiving no response, they walked onto a sidewalk running right next to the building and stood there as Mr. Sturgis called out to get Mr. Roger's attention. Again receiving no response, they left the sidewalk and walked to a dark and unlit area behind the building. The area was paved with concrete and resembled a parking lot. There was no entrance to the apartment building from the area. Mr. Sturgis continued to call out for Mr. Roger as Ms. Boyrie stood on the edge of the area. After a few minutes, Ms. Boyrie decided to leave. As she began walking towards the front of the building, she slipped and fell, fracturing her ankle.

Ms. Boyrie sued appellees, alleging that her injury was the result of their negligent failure to remove ice and snow from the property. The trial court granted summary judgment, concluding that undisputed facts established that Ms. Boyrie was trespassing at the time of her injury, and

that appellees therefore did not owe Ms. Boyrie a duty of reasonable care.

## II.

■ To prevail on a motion for summary judgment, a party "must demonstrate that there is no genuine issue of material fact and that [it] is entitled to judgment as a matter of law." *Murphy v. Schwankhaus*, 924 A.2d 988, 991 (D.C. 2007). This court's review of orders granting summary judgment is de novo, with the court "conducting an independent review of the record and applying the same substantive standard used by the trial court." *Id.* We construe the record in the light most favorable to the party opposing summary judgment. *Id.*

## III.

■ At common law, the nature of a landowner's duty to persons on the landowner's premises turned significantly on distinctions between invitees and licensees. *See, e.g., Cedar Hill Cemetery v. Ball*, 64 App.D.C. 336, 337, 78 F.2d 220, 221 (1935). Although some jurisdictions continue to draw such distinctions, in the District of Columbia a landowner owes a duty of reasonable care to all persons, including both invitees and licensees, who are lawfully on the landowner's premises. *See, e.g., Holland v. Baltimore & Ohio R.R.*, 431 A.2d 597, 599 (D.C.1981) (en banc). A landowner generally does not owe a duty of reasonable care to trespassers. *See, e.g., Lacy v. Sutton Place Condo. Ass'n*, 684 A.2d 390, 393 n. 2 (D.C.1996). A trespasser may, however, recover for "intentional, wanton, or willful injury or the maintenance of a hidden engine of destruction." *Firfer v. United States*, 93 U.S.App.D.C. 216, 219, 208 F.2d 524, 528 (1953).

■ A trespasser is a person "who enters or remains upon land in the posses-

sion of another without a privilege to do so created by the possessor's consent or otherwise." *Firfer*, 93 U.S.App.D.C. at 219, 208 F.2d at 528 (internal quotation marks omitted). Authorization to enter property can be express or implied. *Id.* at 219, 208 F.2d at 527 ("licensee by invitation" is one "invited upon the land ... by some affirmative act or by appearances which would justify a reasonable person in believing that such landowner (or occupant) had given his consent to the entry of the particular person or of the public generally"); *Miller & Long Co. v. Shaw*, 204 A.2d 697, 700 (D.C.1964) (invitation to enter "may be implied from environment and the apparent nature of the facilities in it"; applying Maryland law). One may also be lawfully on premises "by mere sufferance or acquiescence" of the landowner, as where the landowner has not objected to a general or customary use of the premises. *Firfer*, 93 U.S.App.D.C. at 219, 208 F.2d at 528 (defining "bare licensee"); *Restatement (Second) of Torts* § 331, cmt. a.1 (1965) (defining "gratuitous licensee").

█ Ms. Boyrie conceded that she was on appellees' property without express invitation, either from appellees or from the resident she and her companion hoped to visit. It does not follow, however, that Ms. Boyrie necessarily was a trespasser when she walked onto the paved area adjacent to the sidewalk. Ms. Boyrie would be a trespasser only if she could not reasonably have believed that appellees had implicitly permitted, or acquiesced in, her entry onto the paved area. We conclude that the undisputed facts do not establish as a matter of law that Ms. Boyrie was a trespasser.

Although the paved area was unlit, it appeared to be a parking lot, was immediately behind an apartment building, and was adjacent to a public sidewalk. The record does not indicate that access to the area was restricted in any way. As far as the current record reveals, a reasonable person could have concluded that the paved area was open, perhaps to the public generally, but at a minimum to someone seeking to contact a resident in the apartment building. We find some support for that conclusion in *Daisey v. Colonial Parking, Inc.*, 118 U.S.App.D.C. 31, 331 F.2d 777 (1963). In *Daisey*, a pedestrian walked from a public alley into a private parking area, tripped over a chain, and was injured. *Id.* at 32, 331 F.2d at 778 (opinion of Bazelon, C.J.). There was no visible indication that the parking area was private property. *Id.* The pedestrian brought a negligence action, and the trial court granted a directed verdict. *Id.* at 31, 331 F.2d at 777. The court of appeals reversed. *Id.* at 31–34, 331 F.2d at 777–81; *id.* at 34–35, 331 F.2d at 780–81 (Burger, J., concurring in the result). In his opinion, Chief Judge Bazelon concluded inter alia that a jury could reasonably have found that the pedestrian was a licensee by invitation, based on appearances leading a reasonable person to believe that there was consent to the entry of the public generally. *Id.* at 33, 331 F.2d at 779. Chief Judge Bazelon explained, "If a landholder 'arranges part of his premises so as to lead people to think that they are part of the highway, e.g., by paving part of his land as a continuation of the sidewalk, he comes under a duty of care to keep that part of his land reasonably safe for travelers.'" *Id.* at 32–33, 331 F.2d at 778–79 (quoting 2 Fowler V. Harper & Fleming James, Jr., *The Law of Torts* 1445 (1956)); *see also Restatement (Second) of Torts* § 332, cmt. d (1965) ("[W]here a strip of private land abutting upon the public sidewalk is so paved that it is indistinguishable from the sidewalk, the possessor holds it open to the public as provided for public

use for the purpose of passage, and anyone so using it is an invitee.")[1]

ment.[2] We therefore reverse the judgment and remand for further proceedings.

*So ordered.*

## IV.

Because the undisputed facts on the current record do not establish as a matter of law that Ms. Boyrie was a trespasser, appellees were not entitled to summary judgment.

1. Courts in other jurisdictions have reached conflicting conclusions in comparable circumstances. *Compare, e.g., Cochran v. Burger King Corp.*, 937 S.W.2d 358, 362 (Mo.Ct.App. 1996) (pedestrian who used shortcut to cross closed restaurant's parking lot was not trespasser; "The Burger King lot is open to the public. The restaurant can readily anticipate that people will pass through the property, even at times when the restaurant is closed. There was no indication that Burger King did anything to discourage such traffic."), *Lawson v. Scinto*, No. 08AP–1125, 2009 WL 1611229, at *1–2 (Ohio Ct.App. June 9, 2009) (person who walked onto business parking lot to avoid snow on sidewalk was not trespasser), *and Pippin v. Atallah,* 245 Mich.App. 136, 626 N.W.2d 911, 914 (2001) (jury could find that plaintiff who rode bike through abandoned parking lot was not trespasser, despite presence of "no parking" signs, because permission can be inferred where property owner acquiesces in "a known and customary use of the property by the public," and because prohibiting parking differs from prohibiting passage), *with, e.g., Allen v. Rogers,* 977 S.W.2d 733, 737–38 (Tex.App.1998) (person who was waiting in car in parking lot of apartment building, but who did not know any tenants or have tenant's consent to be on property, was not owed duty of reasonable care, even if person was lawfully on premises), *and Skoczylas v. Ballis,* 191 Ill.App.3d 1, 138 Ill.Dec. 398, 547 N.E.2d 565, 568 (1989) (person who used business parking lot as shortcut was properly viewed as trespasser, given absence of sufficient facts to establish that property owner "habitually acquiesced" in such use).

2. Ms. Boyrie has not contended in this court that on the current record she as a matter of law was not a trespasser, instead arguing only that the trial court erred by determining as a matter of law that she was a trespasser. The court therefore decides only the latter issue, and does not address the former.