2016 IL App (3d) 160220

Opinion filed December 28, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| AUSTEN FARRELL, a Minor, by His Mother, Emily Scheel, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-16-0220 Circuit No. 16-L-3 |
| STEPHANIE FARRELL, | ) ) ) | Honorable Cornelius J. Hollerich, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Austen Farrell, by his mother, Emily Scheel, filed a complaint against defendant, Stephanie Farrell, claiming that defendant acted negligently with regard to an incident on her property in which plaintiff was injured while riding a dirt bike. Plaintiff appeals the trial court's grant of summary judgment in favor of defendant. We affirm.

¶ 2                                    FACTS

¶ 3        On August 21, 2015, plaintiff, who was 12 years old at the time, operated a dirt bike on

property owned by defendant, his paternal grandmother. The property consisted of buildings,

vacant land, paths, and planted cornfields. Plaintiff's dirt bike collided with an all-terrain vehicle

(ATV) driven by another minor. Plaintiff was injured as a result of the collision.

¶ 4        Plaintiff filed a complaint against defendant alleging that defendant acted negligently in

that she:

> "a. Failed in her duty as owner and occupant of [the] real estate ***, that
> she failed to exercise ordinary care to the property which would be reasonably
> safe for the use of children, in that the owner failed to notify the children, that
> riding ATVs and dirt bikes could collide due to the operation of those vehicles
> and cause propelling of the passenger into the driver if there is a braking and/or a
> sudden stop caused by an object in the path.
>
> b. Failed in her duties as owner and occupant, by inviting children on the
> property and then failing to see if the property was safe for the use of children
> riding ATVs and dirt bikes.
>
> c. Failed in her duty to the invited children, as the [defendant] failed to
> warn the children of mature corn blocking the vision of the children while riding
> ATVs and dirt bikes, which was a danger.
>
> d. Failed in her duty to the invited children in that the [defendant] failed to
> stay outside and/or supervise the invited children while riding ATVs and dirt
> bikes."

2

¶ 5    Defendant filed a motion for summary judgment arguing that she "owed no duty to protect [plaintiff] from the risk of danger associated with the operation of the dirt bike." The motion alleged that "at the time of the alleged incident, [plaintiff] was under the supervision of [Heath Farrell, plaintiff's father]." The motion argued that Heath, rather than defendant, had a duty to supervise plaintiff at the time of the incident.

¶ 6    An affidavit executed by Heath was attached to the motion for summary judgment. The affidavit stated that Heath was plaintiff's father, Scheel was Heath's former wife, defendant was Heath's mother, and the minor who plaintiff collided with was the daughter of Heath's fiancée. Heath was "extremely familiar with the area where the incident alleged in the Complaint took place." Heath stated that prior to the date of the incident, he gave plaintiff permission to ride a dirt bike or ATV on defendant's property. Heath was aware "prior to and on the date of the incident" that plaintiff would be riding the dirt bike or ATV without direct adult supervision and that other minors would be operating dirt bikes or ATVs at the same time. Heath stated that "at the time of the alleged incident I was the 'custodial parent' of my son, [plaintiff], and he was under my supervision." Heath stated:

>     "I have reviewed the allegations in the Complaint and the activities alleged therein to have taken place at the time of the alleged incident were such that they fall within the permission I had granted to my son, [plaintiff], and which I had granted to my mother to allow to take place."

¶ 7    Plaintiff filed a response arguing that defendant (plaintiff's grandmother) "had a duty to avoid the collision by monitoring the children's activities hidden by mature corn and land owned by the [defendant]."

¶ 8    An affidavit executed by Scheel (plaintiff's mother) was attached to plaintiff's response. Scheel stated that she took plaintiff and her other son to visit defendant on the date of the incident per Heath's direction. At the time of the incident, Heath was not present at defendant's property but was driving to or from Tennessee. Scheel stated:

> "[T]he area of the collision accident was a dirt road which frequently was used by the children when children visit the premises herein. These children, with the Defendant's knowledge, drove vehicles on the dirt road when visiting the Defendant. Further next to the road was an intersection due to mature corn blocking the sight of other vehicles."

¶ 9    Scheel also stated that "children frequently came to the home and rode vehicles, namely dirt bikes and ATVs."

¶ 10    After hearing arguments, the trial court granted defendant's motion for summary judgment. The trial court reasoned:

> "[I]t appears to me that riding an ATV through terrain where visibility is the—is a danger is a set of circumstances that—where it's reasonably foreseeable that a collision of some kind or a single-vehicle accident is going to occur. So it seems to me that essentially this is an obvious danger, an open danger, that both parents are aware of.
>
> The child in this case is not three years old or five years old. He is 12 and a half, pushing 13, on an ATV or the kind of vehicle he's driven before. It appears that at least one parent, if not both parents, knew or implicitly approved or

4

consented to riding the ATV on this property, as the affidavit of Ms. Scheel says she was aware this happened in the past." [1]

¶ 11    The trial court found that plaintiff's parents (Heath and Scheel) had "a primary duty to [plaintiff] for [plaintiff's] safety" with respect to the poor visibility caused by the corn while plaintiff was operating a dirt bike.

¶ 12    The trial court also noted that Heath may not have been on the property at the time of the incident but that plaintiff was under Heath's "supervision or control" and Heath gave plaintiff permission to ride the dirt bike. The trial court reasoned that Heath's decision to allow plaintiff to operate the dirt bike was the "last cause that resulted in the minor's injury" such that "proximate cause cannot be established as a matter of law." The court further reasoned:

> "So, again, I'm not saying that [Heath's] decision was a failure or was a breach of his duty, but it wasn't the condition of the property. It wasn't the high corn or something else on the property that caused the accident. It was the parental decision to let him ride the ATV on the property that resulted in the accident."

¶ 13                            ANALYSIS

¶ 14    On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary judgment. "Summary judgment *** is appropriate only where 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12 (quoting 735 ILCS 5/2-

---

[1]The trial court stated that plaintiff was riding an ATV at the time of the incident. However, the complaint alleges that plaintiff was riding a dirt bike and collided with another minor, who was riding an ATV.

1005(c) (West 2012)). To survive a motion for summary judgment, a plaintiff "must present a factual basis that would arguably entitle her to a judgment." *Id.* Where, as here, the plaintiff filed a negligence action, "the plaintiff must plead and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach." *Id*. We review the trial court's summary judgment ruling *de novo*. *Id*. ¶ 13.

¶ 15    Here, the trial court granted the defendant's motion for summary judgment based on its findings that (1) plaintiff's parents, rather than defendant, had the primary duty to provide for plaintiff's safety with regard to the accident, and (2) plaintiff could not establish proximate cause because the "parental decision" to allow plaintiff to operate the dirt bike rather than the condition of defendant's property was the proximate cause of the accident. Plaintiff does not challenge these findings on appeal. Instead, plaintiff argues that defendant had a duty to protect plaintiff from the visual blockage caused by the corn on defendant's property because it was a dangerous condition that was not open and obvious. Defendant noted in her appellee brief that the argument plaintiff raises on appeal involves a different issue than the one upon which the trial court based its grant of summary judgment. Plaintiff did not file a reply brief.

¶ 16    We find that plaintiff has forfeited review of the trial court's findings that plaintiff's parents owed the primary duty to provide for his safety and that the proximate cause of plaintiff's injury was Heath's permission to operate a dirt bike by failing to raise those issues. Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016); *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 17 ("[W]here an appellant does not present an argument in its opening brief, the appellant forfeits the issue."). We may affirm on this basis alone. See *In re Marriage of Walters*, 238 Ill. App. 3d 1086, 1102-03 (1992) ("All reasonable presumptions are in favor of the

6

action of the trial court, and absent an affirmative showing to the contrary, the reviewing court will assume that the trial court understood and applied the law correctly.").

¶ 17    In addition, we will address the argument tendered by plaintiff on appeal. Specifically, plaintiff argues that defendant had a duty to protect plaintiff from the dangerous condition of the impaired visibility caused by mature corn on her property.

¶ 18    "[T]he customary principles of ordinary negligence must be applied to determine the liability of owners or parties in possession or control of premises upon which a child is injured." *Cope v. Doe*, 102 Ill. 2d 278, 286 (1984) (citing *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 326 (1978)). See also *Kahn v. James Burton Co.*, 5 Ill. 2d 614, 625 (1955).

> "[T]he law imposes a duty upon a landowner to exercise reasonable care to remedy a dangerous condition on the premises, or to otherwise protect children from injury resulting from the dangerous condition, where: (1) the landowner knew or should have known that children habitually frequent the property; (2) a defective structure or dangerous condition was present on the property; (3) the defective structure or dangerous condition was likely to injure children because they are incapable, based on age and maturity, of appreciating the risk involved; and (4) the expense and inconvenience of remedying the defective structure or dangerous condition was slight when compared to the risk to children." *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 27.

See also *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 116-17 (1995); *Kahn*, 5 Ill. 2d at 625.

¶ 19    Landowners have no duty to remedy dangerous conditions that present "*obvious* risks which children would be expected to appreciate and avoid." (Emphasis in original.) *Cope*, 102

7

Ill. 2d at 286. "The open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 448 (1996). "While certainly there are latent dangers that children would not appreciate due to their minority, a landowner 'is free to rely upon the assumption that any child old enough to be allowed at large by his parents will appreciate certain obvious dangers or at least make his own intelligent and responsible choice concerning them.' " *Choate*, 2012 IL 112948, ¶ 31 (quoting *Mt. Zion State Bank*, 169 Ill. 2d at 117). See also *Stevens v. Riley*, 219 Ill. App. 3d 823, 830 (1991) ("Ordinarily, the dangers of fire, water, or falling from a height may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large."); *Allen v. Martinez*, 348 Ill. App. 3d 310, 314 (2004) (the defendants owed no duty to the 11-year-old plaintiff who was injured jumping on a trampoline because jumping on the trampoline presented an open and obvious danger); *Ford v. Nairn*, 307 Ill. App. 3d 296, 302 (1999) ("We find a reasonable 14 year old would appreciate the open and obvious danger of jumping on a trampoline, and we find no duty to warn on the part of [the defendants]."); *Mostafa v. City of Hickory Hills*, 287 Ill. App. 3d 160 (1997) (the defendant had no duty to protect children who were two years old and three years old from a lagoon because the lagoon presented an open and obvious danger of drowning); *Piwowar v. Garrett*, 182 Ill. App. 3d 411, 413-14 (1989) (holding that a 12-year-old child would be expected to understand the obvious danger involved in attempting to stamp out a grass fire); *Cope*, 102 Ill. 2d at 289 (the defendants owed no duty to seven-year-old child who drowned in their retention pond because the pond presented an obvious risk of drowning); Restatement (Second) of Torts § 343A (1965) (known or obvious dangers).

¶ 20    Generally, there are two exceptions to the open and obvious doctrine, namely: (1) the distraction exception—*i.e.*, "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it"; and (2) the deliberate encounter exception—*i.e.*, "where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Restatement (Second) of Torts § 343A, cmt. f (1965). See also *Ward v. K mart Corp.*, 136 Ill. 2d 132, 150-51 (1990); *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 391 (1998).

¶ 21    We find that operating a dirt bike in an area with diminished visibility due to tall corn on defendant's property was an open and obvious danger that plaintiff should have appreciated. We note that plaintiff was 12 years old at the time of the incident and, according to Scheel's affidavit, had operated dirt bikes and ATVs on defendant's property on prior occasions. We do not find that any of the exceptions to the open and obvious rule would apply in this situation. Therefore, defendant had no duty to protect plaintiff from the open and obvious danger presented by operating a dirt bike in an area containing tall corn. See, *e.g., Cope*, 102 Ill. 2d at 286.

¶ 22                                CONCLUSION

¶ 23    The judgment of the circuit court of Bureau County is affirmed.

¶ 24    Affirmed.